UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FELIX L. CUEVAS and MARILYNE CARRION, )<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>PAUL DiPAULO, ET AL., )<br>      Defendants. ) | C.A. No. 11-10869-WGY |

MEMORANDUM AND ORDER FOR DISMISSAL

YOUNG, D.J.

On May 11, 2011, Plaintiff Felix L. Cuevas ("Cuevas"), a prisoner in custody at the Souza Baranowski Correctional Center ("SBCC") in Shirley, Massachusetts, and Co-Plaintiff Marilyne Carrion ("Carrion"), a prisoner in custody at the Framingham State Prison ("FSP") in Framingham, Massachusetts, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 against a number of state prison officials and prison guards.

On May 23, 2011, Memorandum and Order (Docket No. 4) issued denying Plaintiffs' request for an emergency hearing for a Temporary Restraining Order, and directing Cuevas and Carrion to pay their apportioned filing fee (*i.e.*, $175.00 each), or file Motions for Leave to Proceed *in forma pauperis* accompanied by their certified prison account statements, within 21 days. Plaintiffs were also directed to demonstrate good cause within 42 days why this action should not be dismissed for the reasons stated therein, and file an Amended Complaint curing the pleading deficiencies.

To date, neither Cuevas nor Carrion have paid the filing fee or filed Motions for Leave to Proceed *in forma pauperis* as required. The Court notes, however, that on May 16, 2011 (five days after the filing of the instant action), Cuevas also filed another civil action, Cuevas, et al., v.

Dickhaut, et al., Civil Action No. 11-10884-WGY.  Also on May 23, 2011, this Court issued a Memorandum and Order (Docket No. 3) denying a request for emergency relief, and directing Cuevas and Co-Plaintiff Vargas to pay their apportioned share of the filing fee or file Motions for Leave to Proceed *in forma pauperis*.  Thereafter, on June 1, 2011, Plaintiffs filed *in forma pauperis* requests as directed.

In light of this, it appears that Cuevas has elected to litigate the later civil action rather than the instant action.  In any event, Plaintiffs in this action have failed to comply with this Court's directives with respect to the filing fee.

Accordingly, for the failure of Cuevas and Carrion to pay the filing fee or to seek a waiver thereof as directed by this Court, it is hereby Ordered that the above-captioned matter is DISMISSED without prejudice.[1]

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: July 5, 2011

---

[1] Notwithstanding this dismissal, both Cuevas and Carrion, as "prisoners" as defined by 28 U.S.C. § 1915(h), remain obligated to pay the apportioned share of the filing fee.  See McGore v. Wrigglesworth, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed.  In the event of any re-filing of this action, this Court may assess the initial partial filing fee pursuant to 28 U.S.C. § 1915(b), *nunc pro tunc* upon receipt of Plaintiffs' prison account statements.